# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Sobelmar Antwerp N.V. | Case No. 15-20423 |
| Sobelmar Shipping N.V. | Case No. 15-20424 |
| SBM-1 Inc. | Case No. 15-20425 |
| SBM-2 Inc. | Case No. 15-20426 |
| SBM-3 Inc. | Case No. 15-20427 |
| SBM-4 Inc. | Case No. 15-20428 |
| Debtors. | (Joint Administration Pending) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING**
**JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**

Sobelmar Antwerp N.V. ("Sobelmar Antwerp") and certain of its affiliates, as debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of their related chapter 11 cases. In further support of the Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court under 28 U.S.C. § 1408. The statutory basis for the relief requested herein is section 101(2) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

2.  On March 17, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the District of Connecticut, Hartford Division (the "Court"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors-in-possession. No trustees or examiners have been appointed in these cases. No official committee of unsecured creditors has been appointed in these chapter 11 cases.

3. Sobelmar Antwerp, a Belgium corporation, together with its Debtor and non-debtor subsidiaries, provides worldwide seaborne transportation services, operating a fleet of four handysize bulk carriers (the "Vessels"). Each Vessel is held by an individual ship owning company (each a "Vessel Owner"), which is a common corporate structure in the maritime industry. Sobelmar Antwerp owns the Vessel Owners – Debtors SBM-1 Inc. ("SBM1"), SBM-2 Inc. ("SBM2"), SBM-3 Inc. ("SBM3"), and SBM-4 Inc. ("SBM4"), all of which are Marshall Islands corporations – through its subsidiary, Debtor Sobelmar Shipping N.V. ("Sobelmar Shipping"), a Belgian corporation.

4. "Handysize" refers to a dry bulk vessel with deadweight tonnage (dwt) typically between 15,000 and 40,000 metric ton (a metric ton is about 2,240 pounds). Handysize is the most common dry bulk vessel and the flexibility of its design enables it to enter smaller ports, including ports that do not have their own cargo handling systems because the vessel itself is appropriately "geared" for loading and unloading cargo. The Debtors' Vessels range in size from 32,778 dwt to 35,315 dwt, and are between five and six years old. The Vessels are flagged either in Belgium or the Marshall Islands, and are generally attractive to the market due to, among other things, their age and fuel efficiency.

5. As is typical in the industry for liability and insurance reasons, among others, each Vessel Owner is a single-purpose entity that charters its Vessel to an affiliate, in this case Sobelmar Shipping. Sobelmar Shipping then generates revenues by employing the Vessels

on time charters and voyage charters with third parties in the maritime transportation industry. Sobelmar Antwerp provides technical, commercial, and operational management of the Vessels on market terms. There is also a non-debtor affiliate entity that employs three technical superintendents who provide technical management support.

6. Additional factual background regarding the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the Declaration of Vladimir Terechtchenko filed contemporaneously with this Motion (the "Terechtchenko Declaration"), and is incorporated herein by reference.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only. The Debtors request that this Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Sobelmar Antwerp.

8. The Debtors request that the caption of the jointly administered chapter 11 cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| In re: | Chapter 11 |
|---|---|
| Sobelmar Antwerp N.V., et al. | Case No. 15-20423 |
| Debtors. | (Jointly Administered) |

9. The Debtors also request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than Sobelmar, that is substantially similar to the following:

>    An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Sobelmar Antwerp N.V., Sobelmar Shipping N.V., SBM-1 Inc., SBM-2 Inc., SBM-3 Inc., and SBM-4 Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 15-20423 (ASD).

10.     The Debtors also seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), on a consolidated basis but intend to track and break out disbursements on a debtor-by-debtor basis.

## BASIS FOR RELIEF

11.     The Debtors consist of six entities and estimate there may be between eighty and one hundred creditors and other parties in interest, combined, in these chapter 11 cases. As the Debtors operate a shipping business that requires its vessels to call upon ports and to procure spare parts, many of their creditors are stretched across the globe. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated chapter 11 cases, will yield significant cost savings and will not harm the substantive rights of any party in interest. Rule 1015(b) of the Bankruptcy Rules provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." As set forth in the Terechtchenko Declaration, the Debtors in these chapter 11 cases are "affiliates" as that term is defined in Bankruptcy Code § 101(2). Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize this Court to grant the relief requested herein.

12.     Courts routinely, and generally without controversy, approve joint administration of interrelated chapter 11 cases in this jurisdiction. *See*, *e.g.*, *In re Johnson*

*Memorial Medical Center & Johnson Memorial Hosp.*, Case No. 15-20056 Dkt. No. 31 (Bankr. D. Conn. Jan 15, 2015); *In re Ultimate Nutrition Inc. & Pro Star Inc.*, Case No. 14-22402 Dkt. No. 19 (Bankr. D. Conn. Dec. 19, 2015).

13. As set forth in the Terechtchenko Declaration, the Debtors operate as an integrated business with common ownership and control. The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings and orders that will arise in these cases will affect each and every Debtor. Joint administration of these chapter 11 cases will therefore reduce fees and costs by avoiding duplicative filings, objections and hearings. Joint administration will also allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Furthermore, joint administration will not adversely affect the Debtors' respective constituencies because the Motion requests only administrative, not substantive, consolidation of the Debtors' estates. For instance, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities. Parties in interest will therefore not be harmed by the relief requested, but, instead, will benefit from the cost savings associated with the joint administration of these chapter 11 cases.

15. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors and all other parties in interest.

## NOTICE

16. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for Region 2; (b) the entities listed on the Consolidated List of Creditors; and (c) the Debtors' prepetition secured lenders. The Debtors respectfully submit that no other or further notice need be provided.

WHEREFORE, for the reasons set forth herein and in the Terechtchenko Declaration, the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

| | |
|---|---|
| Hartford, CT | */s/ Evan D. Flaschen* |
| Dated: March 17, 2015 | Evan D. Flaschen ct10660 |
| | Katherine L. Lindsay ct27971 |
| | BRACEWELL & GIULIANI LLP |
| | Evan.Flaschen@bgllp.com |
| | Kate.Lindsay@bgllp.com |
| | CityPlace I |
| | 185 Asylum Street, 34th Floor |
| | Hartford, CT 06103 |
| | Telephone: (860) 947-9000 |
| | Facsimile:  (800) 404-3970 |
| | |
| | *Proposed Counsel for the Debtors* |
| | *and Debtors in Possession* |