**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>    Sobelmar Antwerp N.V., et al.¹<br><br>    Debtors. | Chapter 11<br>Jointly Administered Under<br>Case No. 15-20423 (JAM) |

**DEBTORS' APPLICATION PURSUANT TO**
**BANKRUPTCY CODE § 327(a), BANKRUPTCY RULE**
**2014 AND BANKRUPTCY LOCAL RULE 2014-1 FOR ORDER**
**AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT**
**OF BRACEWELL & GIULIANI LLP AS ATTORNEYS FOR THE DEBTORS**

Sobelmar Antwerp N.V. ("Sobelmar") and certain of its affiliates, as debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), by and through their proposed undersigned attorneys, file this Application Pursuant to Bankruptcy Code § 327(a), Bankruptcy Rule 2014 and Bankruptcy Local Rule 2014-1 for Order Authorizing and Approving Retention and Employment of Bracewell & Giuliani LLP ("Bracewell") as Attorneys for the Debtors in these chapter 11 cases (the "Application"). In support of the Application, the Debtors rely on the declaration of Evan D. Flaschen, attached hereto as **Exhibit A** (the "Flaschen Declaration"). In further support of the Application, the Debtors respectfully represent as follows:

**I. JURISDICTION AND VENUE**

1.      This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the

---

¹ Case No. 15-20423-Sobelmar Antwerp N.V., Case No, 15-20424-Sobelmar Shipping N.V., Case No. 15-20425-SBM-1 Inc., Case No. 15-20426-SBM-2 Inc., Case No. 15-20427-SBM-3 Inc., Case No. 15-20428-SBM-4 Inc.

#4826420

relief requested in this Application are §§ 105(a), 327, 328, 329, 330, 331 and 504 of Title 11 of the United States Code (the "Bankruptcy Code"); Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Bankruptcy Local Rule ("BLR") 2014-1.

## II. BACKGROUND

2.      On March 17, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors-in-possession. No trustees or examiners have been appointed in these cases. No official committee of unsecured creditors has been appointed in these chapter 11 cases.

## III. RELIEF REQUESTED

3.      Pursuant to the Application, the Debtors seek authority to employ and retain Bracewell as their lead counsel to perform the legal services that will be necessary during these chapter 11 cases.

4.      The Debtors respectfully request that the Court approve the employment and retention of Bracewell effective as of the Petition Date.

## IV. BASIS FOR RELIEF

5.      Section 327(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Furthermore, this Court has granted similar relief in other complex chapter 11 cases. *See, e.g., In re Jarosz*

*Welding Co., Inc.* Case No. 13-21225 Dkt. No. 38 (Bankr. D. Conn. July 19, 2013); *In re Branford Holiday, LLC*, Case No. 14-22384 Dkt No. 41 (Bankr. D. Conn. January 16, 2015).

## V. BRACEWELL'S QUALIFICATIONS

6.      The Debtors are unusual in that they are foreign entities whose assets move around the world, requiring special expertise in cross-border, maritime and chapter 11 legal issues. The Debtors seek to retain Bracewell for the following reasons, among others:

(a) Bracewell has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code in general and in the maritime shipping industry in particular.

(b) Bracewell has provided restructuring services to entities specializing in maritime transportation services or involved in such industry. For instance, Bracewell represented the debtors in the chapter 11 cases of the *TMT Procurement Corporation* group, and the *Baytown Navigation* group, both of which were filed in the Southern District of Texas. Additionally, Bracewell represented the debtors in the chapter 11 cases of the *Marco Polo Seatrade* group in the Southern District of New York. Bracewell has also represented creditor groups in the restructuring cases of *Overseas Shipholding Group*, *U.S. Shipping* and *Trico Marine*; and in numerous other engagements in confidential maritime transportation services matters.

(c) Bracewell has expertise, experience, and knowledge practicing before this Court and bankruptcy courts in districts throughout the country. Bracewell's appearance before this Court for the matters in these chapter 11 cases will be efficient and cost effective for the Debtors' estates.

(d) Bracewell attorneys on the Sobelmar team also have substantial cross-border restructuring expertise, including representing U.S. investors with respect to financially-troubled borrowers / issuers headquartered in, for example, Australia, Bermuda, Canada, Chile, England, Germany, Italy, Mexico and Spain.

(e) Bracewell is a full-service law firm with experience and expertise in almost all other legal areas that will have an impact on the Debtors' day-to-day operations and their reorganization under chapter 11 of the Bankruptcy Code.

7. In addition, Bracewell was engaged prior to the Petition Date (on January 9, 2015) to provide advice to the Debtors concerning general restructuring matters and pre-bankruptcy planning. As a result, Bracewell has spent significant resources since its engagement working with the Debtors to prepare the filing of these chapter 11 cases. In the process, Bracewell has become familiar with the Debtors' business operations and financial affairs and many of the legal issues that will likely arise in the context of these chapter 11 cases. If the Debtors are forced to retain counsel other than Bracewell, the Debtors' estates would incur additional expenses and delays associated with familiarizing new counsel with the intricacies of the Debtors' financial affairs and business.

## VI. SERVICES TO BE RENDERED

8. The Debtors contemplate that Bracewell will render specialized legal services to the Debtors as needed throughout these chapter 11 cases. Generally, the legal services that Bracewell will render may be summarized, in part, as follows:

(a) Advising the Debtors of their rights, powers and duties as debtors in possession under the Bankruptcy Code;

(b) Performing legal services for and on behalf of the Debtors that may be necessary or appropriate in the administration of these chapter 11 cases and the Debtors' businesses;

(c) Advising the Debtors concerning, and assisting in, the negotiation and documentation of financing agreements and debt restructurings;

(d) Counseling the Debtors, if necessary, in connection with the formulation, negotiation, and consummation of a sale of the Debtors' assets;

(e) Reviewing the nature and validity of agreements relating to the Debtors' interests in real and personal property and advising the Debtors of their corresponding rights and obligations;

(f) Advising the Debtors concerning preference, avoidance, recovery, or other actions that the Debtors may take to collect and to recover property for the

        benefit of the estates and their creditors, whether or not arising under chapter 11 of the Bankruptcy Code;

(g) Preparing on behalf of the Debtors all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents and reviewing all financial and other reports to be filed in these bankruptcy cases;

(h) Advising the Debtors concerning, and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers that may be filed and served in these chapter 11 cases;

(i) Counseling the Debtors in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents or liquidation of the estates;

(j) Working with and coordinating efforts among other professionals to attempt to preclude any duplication of effort among those professionals and to guide their efforts in the overall framework of the Debtors' reorganization or liquidation; and

(k) Working with professionals retained by other parties in interest in this bankruptcy case to attempt to structure a consensual plan of reorganization, liquidation, or other resolution for the Debtors.

9. The services described above are essential to the Debtors' successful reorganization.

### VII. COMPENSATION

10. Subject to Court approval, and in accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to Bracewell on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Bracewell. The fee ranges for Bracewell's financial restructuring attorneys and paralegals and their current, standard hourly rates are as follows:

| | |
|---|---|
| Partners | $760-1,200 per hour |
| Associates | $425-740 per hour |
| Paralegals | $290 per hour |

11. The lead Bracewell partner in these cases will be Evan D. Flaschen, who was/is also the lead partner in the other chapter 11 shipping cases filed by Bracewell as described. His current hourly rate is $1,200, which is the same rate he is currently charging in the *TMT Procurement* cases described above (the other chapter 11 shipping cases have concluded) and which is consistent with the hourly rates charged by leading financial restructuring attorneys in the U.S. The lead Bracewell associate in these cases will be Katherine L. Lindsay, whose current hourly rate is $625. Consistent with historical firm practice, the hourly rates set forth above are subject to adjustments on November 1st of each year to reflect increases in seniority and other conditions (subject to client approval and Court approval, if necessary). Other Bracewell attorneys and paralegals will also provide legal services within the hourly rate ranges set forth above.

12. The hourly rates set forth above are set at a level designed to fairly compensate Bracewell for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These are the same rates that Bracewell has charged in other chapter 11 cases. It is Bracewell's policy, in all areas of practice, to charge its clients for all additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, bulk mail and express mail charges, special or hand delivery charges, certain document processing, photocopying charges, airfare (economy class for domestic travel, business class for international travel), other travel expenses, expenses for "working meals," computerized research, and other expenses. Bracewell will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Bracewell's other clients and consistent with applicable Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted by the Executive Office for

United States Trustees (the "Guidelines"). Bracewell does not charge clients for facsimile charges or for long distance charges other than when an outside service is used (such as InterCall).

13.     Bracewell currently holds a retainer on behalf of all of the Debtors in the amount of $88,730.56 for work to be performed by Bracewell in connection with these chapter 11 cases, which retainer was funded into and remains in Bracewell's Hartford, Connecticut IOLTA trust account. Any portion of such retainer may be credited towards Bracewell's postpetition fees and expenses to the extent authorized by the Court in connection with Bracewell's interim fee applications to be filed in these chapter 11 cases.[2]

14.     Bracewell was paid a total of $160,486.00[3] for services rendered in the twelve-month period prior to the Petition Date. No promises have been made or received by Bracewell, nor any partner, counsel, nor associate thereof, as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. Bracewell has no agreement with any other entity to share with such entity any compensation received by Bracewell in connection with these chapter 11 cases.

15.     Bracewell is also holding in its trust account in Hartford, Connecticut the amount of $10,000 for each Debtor ($60,000.00 in total), to be funded into such Debtor's postpetition

---

[2] The Debtors make the disclosures included in paragraphs 13 and 14 of this Application in compliance with Fed. R. Bankr. P. 2016(b) and (c) and Bankruptcy Local Rule 2014-1(a).

[3] Bracewell received prepetition $171,269.44 in total payments on behalf of the Debtors for prepetition services rendered and costs incurred. These payments were applied (prepetition) as follows: $160,486.00 for services rendered; and $10,783.44 for costs incurred. Bracewell's final prepetition invoice included the chapter 11 filing fees and an estimate for fees and expenses through immediately prior to filing the petitions. Bracewell will do a postpetition reconciliation and will either return to the retainer account any funds applied in excess of actual fees and expenses or write off any fees and expenses in excess of the estimated amount paid.

bank account when opened. These funds belong solely to the relevant Debtor and are not part of Bracewell's fee retainer.[4]

### VIII. BRACEWELL'S DISINTERESTEDNESS

16. To the best of Bracewell's knowledge, information and belief, Bracewell has no connection with the Debtors, their creditors, the United States Trustee for the District of Connecticut, any person employed in the Office of the United States Trustee for the District of Connecticut, any other party-in-interest in these chapter 11 cases, or their respective attorneys or accountants, except as may be set forth in the Flaschen Declaration.

17. Because Bracewell operates an international law firm having collectively over 450 lawyers in ten offices worldwide, and the Debtors have numerous creditors and other relationships, despite the efforts described in the Flaschen Declaration to identify and disclose Bracewell's connections with parties-in-interest in these chapter 11 cases, Bracewell is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Bracewell discovers additional information that requires disclosure, Bracewell will file a supplemental disclosure with the Court as promptly as possible.

18. Based upon the Flaschen Declaration and the Debtors' knowledge of these chapter 11 cases thus far, Bracewell, in its capacity as proposed counsel for the Debtors, does not represent or hold any interest adverse to the Debtors, their estates, creditors, equity security holders, or affiliates in the matters upon which Bracewell is to be engaged; and it is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as modified by

---

[4] Because the Debtors and their authorized signatories reside outside the United States, there has been insufficient time to open Debtor accounts in the United States due to stringent bank "know your customer" requirements.

#4826420

§ 1107(b) of the Bankruptcy Code, and as required by § 327(a) of the Bankruptcy Code. Bracewell's employment is necessary and in the best interests of the Debtors' estates.

19. For the purpose of notice and mailing related to Bracewell, the following contact information should be used:

> Evan D. Flaschen
> Katherine L. Lindsay
> BRACEWELL & GIULIANI LLP
> Evan.Flaschen@bgllp.com
> Kate.Lindsay@bgllp.com
> CityPlace I, 34th Floor
> 185 Asylum Street
> Hartford, CT 06103
> Telephone: (860) 947-9000
> Facsimile: (800) 404-3970

20. Bracewell's compliance with the requirements of §§ 327, 328, 329, 330, 331 and 504 of the Bankruptcy Code; Bankruptcy Rules 2014 and 2016; BLR 2014-1; and Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 adopted by the Executive Office for United States Trustee is set forth in detail in the Flaschen Declaration.

## IX. NOTICE

21. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for Region 2; (b) the entities listed on the Consolidated List of Creditors and (c) the Debtors' prepetition secured lenders. The Debtors respectfully submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court: (i) approve this Application; (ii) authorize the Debtors to employ and retain Bracewell as counsel in these chapter 11 cases, as requested in this Application, effective as of the Petition Date; and (iii) grant to Bracewell any other relief that the Court deems is just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

| | |
|---|---|
| Hartford, CT<br>Dated: April 3, 2015 | */s/ Evan D. Flaschen*<br>Evan D. Flaschen ct10660<br>Katherine L. Lindsay ct27971<br>BRACEWELL & GIULIANI LLP<br>Evan.Flaschen@bgllp.com<br>Kate.Lindsay@bgllp.com<br>CityPlace I, 34th Floor<br>185 Asylum Street<br>Hartford, CT 06103<br>Telephone: (860) 947-9000<br>Facsimile:  (800) 404-3970<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors in Possession* |

#4826420