## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>　　Sobelmar Antwerp N.V., et al.[1]<br><br>　　Debtors. | Chapter 11<br>Jointly Administered Under<br>Case No. 15-20423 |

## AGREED MOTION TO ASSUME
## CHARTER AGREEMENTS WITH POLA MARITIME LTD.

Sobelmar Antwerp N.V. ("Sobelmar") and certain of its affiliates, as debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), by and through their proposed undersigned attorneys, file this *Agreed Motion to Assume Charter Agreements with Pola Maritime Ltd.* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### I. JURISDICTION AND VENUE

1.　　This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is brought pursuant to Bankruptcy Code § 365(a) and Bankruptcy Rules 6006 and 9014. This is a core proceeding under 28 U.S.C. §157(b)(2).

### II. BACKGROUND

2.　　On March 17, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Court"). Pursuant to Bankruptcy Code

---

[1] Case No. 15-20423-Sobelmar Antwerp N.V., Case No, 15-20424-Sobelmar Shipping N.V., Case No. 15-20425-SBM-1 Inc., Case No. 15-20426-SBM-2 Inc., Case No. 15-20427-SBM-3 Inc., Case No. 15-20428-SBM-4 Inc.

§§ 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors-in-possession. No trustees or examiners have been appointed in these cases. No official committee of unsecured creditors has been appointed in these chapter 11 cases.

### III.  RELIEF REQUESTED

3.     Pursuant to this Motion, the Debtors seek an Order authorizing assumption of the Charter Agreements (defined below) pursuant to Bankruptcy Code § 365(a). While the Debtors believe that entering into vessel charters is in the ordinary course of their businesses, assumption pursuant to § 365 will ensure full notice to parties in interest and certainty to the counterparty to the Charter Agreements.

### IV.  THE CHARTER AGREEMENTS

4.     Prior to the Petition Date, Debtor Sobelmar Shipping N.V. ("Sobelmar Shipping") entered into certain charter agreements (the "Charter Agreements") with Pola Maritime Ltd. (together with any of its affiliates involved in the Charter Agreements, "Pola"). Pursuant to the Charter Agreements, Sobelmar Shipping chartered to Pola, each for a term of three years updated to and calculated from March 10, 2015, (i) the *m/v Brasschaat* (IMO 9459369) owned by Debtor SBM-1 Inc., (ii) the *m/v Vyritsa* (IMO 9459371) owned by Debtor SBM-2 Inc., (iii) the *m/v Kovdor* (IMO 9459383) owned by Debtor SBM-3, and (iv) the *m/v Zarachensk* (IMO 9459395) owned by Debtor SBM-4 Inc. (collectively, the "Vessels").

5.     Pola and the Debtors have agreed that the Debtors will assume the Charter Agreements on the terms and conditions set forth in the agreements between the parties. The non-economic terms for the Charter Agreements are "industry standard"; the economic terms can be summarized as follows:

#4861022

| Vessel | Daily Rate (starting December 23, 2014 for six months) | Daily Rate (for a period of 30 months thereafter) |
|---|---|---|
| *m/v Brasschaat* | $9,000 | $8,000 |

| Vessel | Daily Rate (starting December 4, 2014 for six months) | Daily Rate (for a period of 30 months thereafter) |
|---|---|---|
| *m/v Kovdor* | $9,000 | $8,000 |

| Vessel | Daily Rate (starting January 9, 2015 for six months) | Daily Rate (for a period of 30 months thereafter) |
|---|---|---|
| *m/v Zarachensk* | $9,000 | $8,000 |

6.     The *m/v Vyritsa* is scheduled to enter special service in May 2015. Once that is completed – tentatively beginning of June 2015 – she will enter a Charter Agreement already agreed as of March 10, 2015. The economic terms can be summarized as follows:

| Vessel | Daily Rate (starting from date of delivery to charterers for twelve months) | Daily Rate (for a period of 24 months thereafter) |
|---|---|---|
| *m/v Vyritsa* | $6,500 | $8,000 |

7.     Because charter agreements are typically confidential in the shipping industry, this Motion does not attach the actual Charter Agreements. Instead, copies of the Charter Agreements will be made available to HSH Nordbank AG, the Office of the United States Trustee, the Official Committee of Unsecured Creditors (if one is appointed) and other creditors who have a reasonable basis for requesting review of same, and will be available for *in camera* review by the Court if requested. The Debtors note that (and Debtors' counsel represents that), in

-3-

#4861022

the chapter 11 cases currently pending in Houston for the *TMT Procurement* group of shipping companies, charter agreements were similarly treated as confidential by parties and the Court and were not introduced into evidence or otherwise made publicly available.

## V.  BASIS FOR RELIEF

8.  Bankruptcy Code section 365(a) provides in relevant part: "[T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." The business judgment standard is employed by courts in determining whether to permit a debtor to assume or reject a contract. *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 383 (2nd Cir. 2008); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098-99 (2nd Cir. 1993). "In short, § 365 permits the ... debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject.... [T]he process of deciding a motion to assume is one of the bankruptcy court placing itself in the position of the trustee or debtor-in-possession and determining whether assuming the contract would be a good business decision or a bad one." *In re Orion Pictures Corp.*, 4 F.3d at 1098- 99.

9.  The Debtors have determined that the Charter Agreements are on favorable terms and that assuming them is an appropriate exercise of their business judgment, for five primary reasons, each as confirmed in the attached *Declaration of Vladimir Terechtchenko in Support of Debtors' Agreed Motion to Assume Charter Agreements with Pola Maritime Ltd*. First, as other shipping chapter 11 cases have demonstrated, it can be more difficult for chapter 11 shipping debtors to charter their vessels given market uncertainty and unfamiliarity with the chapter 11 process and its implications for ongoing vessel availability. Second, the daily rates are well

#4861022

above the market for 3-year time charters for handysize dry bulk vessels. <u>Third</u>, the daily rates are substantially above the rates that the Debtors would be able to achieve on a "spot rate" basis, and without the risk that a "spot rate" charter might not promptly be available in the port where the prior cargo has been delivered. <u>Fourth</u>, the certainty of fixed charter rates compares favorably to the volatility of "spot rates" in a chapter 11 environment where certainty of cash flow is a valuable asset. <u>Fifth</u>, and unlike the Debtors' prior charter agreements with Pola, these amended Charter Agreements contain fewer "off hire" provisions, meaning the daily rates are payable even during periods in which Pola is unable to charter the Vessels to third parties.

10. In addition to the foregoing long-term benefits, the relief requested also provides a substantial short-term benefit. Specifically, assumption of the Charter Agreements on the agreed terms avoids the expense, uncertainty and delay of litigation with Pola as to whether the Debtors can meet their burden of establishing the elements necessary to assume the Charter Agreements pursuant to § 365(a), including the requirement that the Debtors provide adequate assurance of future performance within the meaning of § 365(b)(1)(C). Therefore, assuming the Charter Agreements is not only in the Debtors' best interests but also in the interest of creditors and other parties in interest.

## VI. NOTICE

No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for Region 2; (b) Pola Maritime Ltd.; (c) the entities listed on the Consolidated List of Creditors and (d) the Debtors' prepetition secured lenders, including HSH Nordbank AG. The Debtors respectfully submit that no other or further notice need be provided.

#4861022

WHEREFORE, the Debtors respectfully request that the Court: (i) approve this Motion; (ii) issue the attached *Order Authorized Debtors to Assume Charter Agreements with Pola Maritime Ltd.*; and (iii) grant to the Debtors any other relief that the Court deems is just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

| | |
|---|---|
| Hartford, CT<br>Dated: April 7, 2015 | */s/ Evan D. Flaschen*<br>Evan D. Flaschen ct10660<br>Katherine L. Lindsay ct27971<br>BRACEWELL & GIULIANI LLP<br>Evan.Flaschen@bgllp.com<br>Kate.Lindsay@bgllp.com<br>CityPlace I, 34th Floor<br>185 Asylum Street<br>Hartford, CT 06103<br>Telephone: (860) 947-9000<br>Facsimile: (800) 404-3970<br><br>*Proposed Counsel for the Debtors<br>and Debtors in Possession* |

#4861022