# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

In re:

    Sobelmar Antwerp N.V., et al.,[1]

    Debtors.

Chapter 11
Jointly Administered Under
Case No. 15-20423 (AMN)

## UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT
## WITH DOOREE SHIPPING CO. LTD.

Sobelmar Antwerp N.V. and certain of its affiliates, as debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), hereby submit this *Motion for Approval of Settlement with Dooree Shipping Co. Ltd.* (the "Motion"). As noted below, HSH Nordbank AG ("AG") and KBC Bank ("KBC") have stated that they have no objection to the relief requested. In support of this Motion, the Debtors respectfully state as follows:

### I. JURISDICTION AND VENUE

1.    This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are §§ 105(a), 331, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"); Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 2016-1 of the Local Rules of Bankruptcy Procedure (the "Local Rules").

### II. BACKGROUND

2.    On March 17, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

---

[1] Case No. 15-20423-Sobelmar Antwerp N.V., Case No, 15-20424-Sobelmar Shipping N.V., Case No. 15-20425-SBM-1 Inc., Case No. 15-20426-SBM-2 Inc., Case No. 15-20427-SBM-3 Inc., Case No. 15-20428-SBM-4 Inc.

District of Connecticut, Hartford Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors-in-possession. No trustees or examiners have been appointed in these cases. No official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

### III. RELIEF REQUESTED

3. By this Motion, the Debtors request the entry of an order approving a settlement with Dooree Shipping Co. Ltd. ("Dooree").

4. The *Vyritsa*, which is owned by SBM-2 Inc., was in demurrage in Chittagong, Bangladesh from August 2014 through January 2015. "Demurrage" means that the vessel was kept in port for a longer period than scheduled. This results in lost charter hire. This occurred prior to the Debtors' charter arrangements with Pola Maritime and, therefore, the lost charter hire was for the account of the Debtors.

5. The Debtors have asserted total demurrage charges of $1,684,388.94. Dooree has countered that it suffered losses as a result of the vessel master's unilateral discharge of excessive quantities of cargo onto barges against Dooree's clear instructions.

6. The Debtors and Dooree dispute each other's assertions but desire to resolve the dispute consensually. Accordingly, they have agreed that Dooree will pay to the Debtors the sum of $800,000.00, in full and final satisfaction of all claims that the Debtors and Dooree have against each other. The settlement will be paid in four equal installments on the last day of June, August, October and December 2015.

### IV. DEBTORS' BUSINESS JUDGMENT

7. It is the Debtors' business judgment that the proposed settlement is within the range of reasonableness and in the best interests of the estates, and ought to be approved, for five primary reasons.

8. First, demurrage claims arise in the ordinary course of business of shipping companies and, therefore, the Debtors do not believe that Court approval is required in the first instance. Nevertheless, Dooree has requested that the Debtors obtain Court approval for the avoidance of doubt.

9. Second, the settlement amount is the classic "split the difference" between the two parties' assertions, with neither party admitting liability to the other.

10. Third, Dooree is a Korean company and the demurrage occurred in Bangladesh. By contract, any disputes between the Debtors and Dooree must be resolved by arbitration in London. Self-evidently, proceeding to arbitration in London would result in expense and delay and, as in any litigation, the outcome would be uncertain.

11. Fourth, the Debtors have consulted with their English counsel, Ince & Co. LLP, who recommend that the settlement of $800,000 be accepted.

12. Fifth, Dooree is a small company with fewer than 10 employees and the payment of $800,000 by Dooree will have a substantial financial impact, which is also why the payment will occur in four installments.

## V. AUTHORITY FOR RELIEF

13. Bankruptcy Code § 1108 permits the Debtors to operate in the ordinary course of business. Demurrage claims are part of the ordinary course of business for shipping companies, as are off-hire claims, disputed port charges, and local vendor arrest threats. The Debtors believe that they are able to consummate this settlement without Court approval but, as noted above, are seeking same at Dooree's request.

14. To the extent Court approval is required, Bankruptcy Rule 9019 authorizes approval of settlements. To approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather should determine whether

the settlement 'fall[s] below the lowest point in the range of reasonableness." *Finkelstein v. W. T. Grant Co. (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). While the Debtors have provided five reasons above as to why the settlement should be approved, the expense and delay of London arbitration provides, by itself, ample reason to conclude that the settlement ought to be approved.

15. In addition, the Debtors have informed both HSH and KBC of the proposed settlement, and both have indicated that they have no objection. HSH and KBC both reserve all legal, contractual and equitable rights they have or may have with respect to the settlement proceeds.

WHEREFORE, the Debtors respectfully request entry of an order approving the proposed settlement with Dooree.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

Hartford, CT
Dated: June 16, 2015

*/s/ Evan D. Flaschen*
Evan D. Flaschen ct10660
Katherine L. Lindsay ct27971
BRACEWELL & GIULIANI LLP
Evan.Flaschen@bgllp.com
Kate.Lindsay@bgllp.com
CityPlace I
185 Asylum Street, 34th Floor
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile: (800) 404-3970

*Counsel for the Debtors
and Debtors in Possession*