**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>    Sobelmar Antwerp N.V., et al.[1]<br><br>    Debtors. | Chapter 11<br>Jointly Administered Under<br>Case No. 15-20423 (AMN) |

## NOTICE OF SETTLEMENT AGREEMENT

In accordance with the *Emergency Motion Pursuant to Bankruptcy Rule 9019 to Approve Settlement Agreement with HSH Nordbank AG* [ECF 233], which was filed by Sobelmar Antwerp N.V. and certain of its affiliates, as debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") on February 25, 2016, the Debtors hereby file the attached (Exhibit 1) Settlement Agreement.

                                                                   Respectfully submitted,

                                                                   **BRACEWELL LLP**

| | |
|---|---|
| Hartford, CT<br>Dated: February 26, 2016 | */s/ Evan D. Flaschen*<br>Evan D. Flaschen ct10660<br>Katherine L. Lindsay ct27971<br>BRACEWELL LLP<br>Evan.Flaschen@bracewelllaw.com<br>Kate.Lindsay@ bracewelllaw.com<br>CityPlace I<br>185 Asylum Street, 34th Floor<br>Hartford, CT 06103<br>Telephone: (860) 947-9000<br>Facsimile: (800) 404-3970<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |

---

[1] Case No. 15-20423-Sobelmar Antwerp N.V., Case No, 15-20424-Sobelmar Shipping N.V., Case No. 15-20425-SBM-1 Inc., Case No. 15-20426-SBM-2 Inc., Case No. 15-20427-SBM-3 Inc., Case No. 15-20428-SBM-4 Inc.

#5136044

## **EXHIBIT 1**

# **SETTLEMENT AGREEMENT**

This Agreement is a summary of the agreement between the Debtors and HSH as to the Debtors' sources and uses in connection with a turnover by the Debtors to HSH of the Debtors' four vessels (the "Vessels"). The Debtors and HSH have separately agreed to specific details and dollar amounts pursuant to a separate "bullet point" memorandum of understanding (the "MOU"). The MOU includes categories of expenses and the source(s) for payment of same, which include Debtor cash in or received in Debtor accounts with Webster Bank, KBC Bank and HSH (collectively, the "Accounts"), as well as certain payments to be made directly by HSH if the Debtors' cash is insufficient to make such payments. The MOU contains confidential and trade-sensitive information and, therefore, will not be filed with the Court except in case of dispute, in which event the parties will request that the MOU be filed under seal. The MOU will be provided by the Debtors directly to KBC Bank and the Office of the United States Trustee and to any other party-in-interest having a reasonable basis to review same.

**The parties intend to file this document prior to an actual agreement being reached in order to provide as much notice as possible to the Court and parties-in-interest prior to the approval hearing scheduled for March 3, 2016 at 12:00 p.m. The filing is not intended to represent either that the parties have agreed or will agree to a settlement or that any agreed settlement will be on the terms outlined below. To the extent the parties do, in fact, reach agreement, the Debtors will file a notice to such effect prior to the hearing, together with the final version of the Settlement Agreement, which may vary substantially from this filed version. The final version will be subject in all respect to Bankruptcy Court approval and, as stated in greater detail in the motion to approve this agreement (ECF 233), each party's rights and remedies are fully reserved unless and until agreement is reached and court approval is provided.**

1. Pre-Transfer OpEx Payments. Until the end of the month in which the last Debtor owned vessel is transferred to HSH (the "Final Vessel Transfer Date") occurs, the Debtors shall obtain the written permission of HSH before making any payments out of the Accounts, including the Webster Bank accounts except as to Bracewell's allowed professional fees, or otherwise disposing any assets of the Debtors. Debtors shall only pay ordinary-course post-petition operating expenses (including salaries, rent, utilities and other ordinary-course office G&A expenses), ordinary-course trade claims and ordinary-course professional fees (collectively, "OpEx") after approval by HSH or the Bankruptcy Court. The Debtors shall provide to HSH copies of all invoices and documentation supporting any requested payments at least 5 days prior to the proposed payment.

2. Post-Transfer OpEx Payments. Debtors shall provide HSH a list of any unpaid OpEx as of the end of the month in which the Final Vessel Transfer Date occurs, together with any additional salaries, rent, utilities and other ordinary course office G&A expenses that will be incurred to close the business and the office ("Post-Transfer OpEx"). All Post-Transfer OpEx will be treated as set forth in the MOU.

3. Statutory Payments. The Debtors shall provide to HSH a schedule of all payments required to be made under applicable law, estimated to be €375,000 ("Statutory Payments"), including severance payments to a government fund or directly to the

– 1 –

#5119395

severed employee. Statutory Payments shall not include any contractual severance payments in excess of the amounts required by statute. Statutory Payments shall be made as set forth in the MOU.

4. <u>Fee Payments</u>. Bracewell LLP is continuing to serve as Debtors' Chapter 11 counsel and continuing to incur fees and expenses ("<u>Professional Fees</u>"). The Debtors have also been authorized to pay the Professional Fees of ordinary course professionals (see ECF 106). All allowed Professional Fees will be paid out of the sources identified in the MOU, up to the difference between (x) the maximum amount payable for Debtor professionals under the "Carve-Out" as set forth in ¶ 8 of the *Second Interim Cash Collateral Order* (ECF 97) *minus* (y) all other amounts paid to Bracewell that are subject to the Carve-Out. For the purposes of calculating the Carve-Out, ¶ 8(ii)(B) of ECF 97 shall be deemed to apply to Professional Fees (including Bracewell and ordinary course professionals) incurred after December 31, 2015. In addition, Bracewell is currently holding a retainer as of the petition date in the amount of $88,730.56, which will be applied to outstanding fees pursuant to a final fee application order. The fees to be paid, including Professional Fees, are as follows (except as to fees already incurred, these are estimates only and the actual allowed amounts will be payable, even if greater than the estimated amounts):

(a) US Trustee fees ("<u>UST Fees</u>") for the duration of the cases, estimated to be $52,500 assuming the cases are closed in the third quarter of 2016 (note that UST Fees are not subject to the Carve-Out cap).

(b) The hold-backs for Bracewell for December 2015 and January 2016 in the amount of $26,252.85.

(c) Bracewell Professional Fees for February 2016, estimated to be $90,000 (including the hold-back for February 2016).

(d) Bracewell Professional Fees for March 2016, estimated to be $70,000 (including hold-back for March 2016).

(e) If the Final Vessel Transfer Date does not occur in March, Bracewell Professional Fees for April 2016, estimated to be $50,000 (including the hold-back for April 2016).

(f) Bracewell Professionals Fees incurred in in wrapping up the Estates, estimated to be $100,000.

5. <u>Transfer of Vessels</u>. The Vessels shall be transferred to HSH in one of the following two ways (as is applicable, a "<u>Transfer</u>"):

(a) Given that (A) the Vessels on a "sale basis" are worth less than the amounts owing to HSH and (B) HSH has the right to "credit bid" its debt in an amount that, in the Debtors' view, would exceed any cash bid that could be obtainable from a third party, transfer of title of the Vessels under a "deemed 363 sale" concept pursuant to bills of sale and the order approving this Settlement Agreement (the "<u>Settlement Approval Order</u>", to be in form and substance

– 2 –

    acceptable to HSH) transferring the Vessels free and clear of all claims, liens, encumbrances and mortgages and in form and substance reasonably satisfactory to the relevant ship registry. At HSH's option, the transferee(s) can be nominees of HSH rather than HSH itself.

  (b) If for any reason the Settlement Approval Order is not acceptable to the relevant ship registry to ensure the transfer "free and clear" as described in the foregoing ¶ 5(a), the Debtors shall cooperate with HSH to move the Vessels (at HSH's expense) to places selected by HSH, at which HSH shall be entitled to arrest and seek court orders for the sale of Vessels. In such a case HSH's claims and security shall not be extinguished and shall remain in place to the extent necessary to achieve such sale(s) and the distribution of any sale proceeds to HSH.

6. <u>Mechanics of Vessel Transfers</u>. In connection with the Transfer of each Vessel pursuant to ¶ 5 above:

  (a) The Debtors shall cooperate with the Transfers and enter into agreements providing for same. The Transfers will be effected in accordance with the remainder of this ¶ 6, with the details of each Transfer to be worked out commercially to ensure a smooth Transfer for HSH's benefit. HSH shall be liable for and pay all expenses incurred as a result of the Transfers for which the Debtors could otherwise be held responsible but are unable to pay. These consist of crew repatriation expenses, accrued crew compensation, agents' fees and expenses, forwarding costs, port costs, and similar expenses.

  (b) The Debtors shall do and perform, or cause to be done or performed, all such acts and things HSH may reasonably request in order to carry out the intent and accomplish the purposes of each Transfer and this Settlement Agreement and the transactions contemplated hereby, including having commercial discussions as discussed in the following ¶ 6(c), in order to ensure a smooth transition. Without limiting the foregoing, the Debtors will reposition the *M/V Kovdor* and the *M/V Vyritsa* to a port or ports of HSH's choosing. Debtors shall provide an estimate for the costs of each repositioning as soon as practical after HSH names the final port of each Vessel.

  (c) Pursuant to and subject to ¶ 5 above, the Debtors shall after the occurrence of the Effective Date (defined below) Transfer each Vessel to HSH or its nominee in port and without any cargo onboard.

  (d) Pending the Transfers, the Debtors shall continue to manage each Vessel on current terms until Transfer to HSH or its nominee; thereafter HSH or its nominee shall assume in full the responsibility for all commercial and technical management of the Vessels at no further expense to the Debtors. Thereafter, all management contracts shall be deemed rejected as to the Estates and there shall be no claims for rejection damages, termination fees or any other amounts due to the managers from the Debtors. In any event, neither HSH nor the Vessels shall

– 3 –

have any liability for any such rejection damages, termination fees and other amounts.

7. Continued Use of Cash Collateral. The Debtors shall continue to be entitled to use cash collateral in accordance with the *Second Interim Cash Collateral Order* (ECF 97) in the ordinary course of business, subject in all respects to the MOU and this Settlement Agreement. Pending each Transfer, the Debtors shall work with HSH or its nominee in preparing a Vessel-by-Vessel budget and shall provide such other information concerning the Vessels and the business as reasonably requested, including as to Vessel earnings, budgeted earnings, bunkers on board, Vessel OpEx accounts payable, accounts receivable and transfers to and from all Accounts.

8. Additional Information and Transfers to HSH. The Debtors shall also provide the following information and transfer to HSH:

   (a) At least 7 days prior to the Transfer of each Vessel to HSH, the Debtors shall provide a breakdown of any OpEx incurred but not paid in connection with that Vessel setting forth the name of the creditor, the amount and date charged and the service or items provided, which list shall be updated on the Transfer of such Vessel.

   (b) To the extent requested by HSH, Debtors shall permit technical managers of HSH or its nominees to appoint one inspector to inspect each Vessel.

9. HSH-Debtor Releases. The Order Approving Settlement shall include mutual releases between HSH, its advisers, directors, officers, and employees, on the one hand, and the Debtors, their advisers, directors, officers, and employees, on the other, in each case in their capacities as such (the "Estate Releases"), including as to all claims asserted in the chapter 11 cases and all other existing and future claims, known or unknown, other than claims related to the obligations set forth in their Settlement Agreement, the MOU and the Consulting Agreement (defined below).

10. Consulting Agreement. Mr. Vladimir Terechtchenko shall agree to a consulting agreement (the "Consulting Agreement") with HSH for the purposes and time set forth in the MOU. The maximum amount payable under the agreement shall be $250,000 payable in installments as described in the MOU.

11. Closing of the Estates and the Business. HSH shall not oppose the structured dismissal of these cases at the appropriate time or any liquidating plan of reorganization, as long as the vehicle chosen by the Debtors for closing the Debtors' bankruptcy estates does not interfere with this Settlement Agreement or otherwise prejudice HSH. All payment obligations of HSH and all obligations of Debtors and/or Mr. Terechtchenko under this Settlement Agreement shall survive and be enforceable after any such dismissal or confirmed plan. The Debtors shall wind up their business affairs in accordance with Belgian law but will not initiate insolvency proceedings in Belgium during the period of the Consulting Agreement without HSH's prior written consent, unless the Debtors form

        the good faith belief that the initiation is required in order to avoid potential director liability under Belgian law.

12. <u>Dispute Resolution</u>. In the event of a dispute between the Debtors and HSH, such dispute will be resolved by the Bankruptcy Court, and the parties will seek expedited consideration in connection with same.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2016, a true and correct copy of the foregoing document was served via electronic mail to (a) Office of the United States Trustee for Region 2; (b) the Debtors' prepetition secured lenders and (c) the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims, as listed on the attached Service List. Service to all parties who have requested notice on this case were served by operation of the Court's CM/ECF system.

*/s/ Evan D. Flaschen*
Evan D. Flaschen

2/26/2016

**SERVICE LIST**

| U.S. Trustee | |
|---|---|
| Office of the United States Trustee - Region 2<br>Giamo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT 06510<br>Email: Abigail.Hausberg@usdoj.gov<br>　　　　Holley.L.Claiborn@usdoj.gov<br>Facsimile: 203-773-2217 | |
| **Secured Creditors** | |
| HSH Nordbank AG<br>Gerhart-Hauptmann-Platz 50<br>20095 Hamburg<br>Germany<br><br>HSH Nordbank AG<br>Martensdamm 6<br>24103 Kiel<br>Germany<br>Email: daria.schoenfeld@hsh-nordbank.com<br>　　　　joerg.schelp@hsh-nordbank.com | KBC Bank Brasschaat-Centrum - 3107<br>Bredabaan No 137<br>2930 Brasschaat<br>Belgium<br>Email: annick.claes@kbc.be<br>　　　　ivo.keersse@kbc.be<br>Facsimile : +323 650 31 83 |
| Counsel to HSH Nordbank AG<br>Alfred E. Yudes, Jr.<br>John G. Kissane<br>Jane Freeberg Sarma<br>Neil A. Quartaro<br>Watson Farley & Williams LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Email:  AYudes@wfw.com<br>　　　　JKissane@wfw.com<br>　　　　JFreebergSarma@wfw.com<br>　　　　NQuartaro@wfw.com | Local Counsel to HSH Nordbank AG<br>Michael R. Enright, Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103<br>E-mail: menright@rc.com<br>Facsimile: (860) 275-8299 |
| Counsel to KBC Bank N.V.<br>Benjamin D. Feder<br>Lauren Schlussel<br>Eric R. Wilson<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178<br>Email: lschlussel@kelleydrye.com<br>　　　　bfeder@kelleydrye.com<br>　　　　ewilson@kelleydrye.com | Counsel to KBC Bank N.V.<br>Elizabeth W. Swedock<br>Kelley Drye & Warren LLP<br>400 Atlantic Street<br>Stamford, CT 06901<br>Email: eswedock@kelleydrye.com<br>Facsimile: (203) 327-2669 |

| | |
|---|---|
| Maritime Broadband Inc.<br>1143 47th Avenue, 3rd Floor<br>Long Island City, NY 11101-5465<br>Email: accounting@maritimebroadband.com | |
| **20 Largest Unsecured Creditors** ||
| Bureau Veritas Lyon<br>Departement Des Comptabilites France, 41,<br>Chemin Des Peupliers Bp. 100 69573 Dardilly Cedex<br>France<br>Email: dns_cpa@bureauveritas.com<br>Facsimile : 33 (0)1 55 24 70 51 | Lukoil Marine Lubricants DMCC<br>JBC 4 Tower, Unit No. 1506, 15th Fl.<br>Jumeirah Lakes Towers,<br>P.O. Box 487718, Dubai<br>United Arab Emirates<br>Email: luboilorder@lukoil.com<br>Facsimile: +7812 459 1903 |
| Barthels + Luders Hamburg<br>Hermann -Blohm -Str 2<br>D20457, Hamburg<br>Germany<br>Email: service@barthels-lueders.com<br>Facsimile : +49-40-31188-155 | Marlink, Astrium Services Business Communications Sa,<br>Rue De Stalle Straat 140,<br>B-180 Brussels<br>Belgium<br>Email: mss.billing@marlink.com<br>Facsimile : +32 23 717 111 |
| Seven Seas Shipping Lines<br>Kashfia Plaza, 923/A, Sk Mujib Road,<br>Agrabab C/A<br>Chittagong-4100<br>Bangladesh<br>Email: ops@sevenseasshippingbd.com<br>Facsimile: +88 041 2830308 | Sinwa (Singapore) Pte Ltd<br>28 Joo Koon Circle,<br>Singapore 629057<br>Singapore<br>Email: sinwa@sinwaglobal.com<br>Facsimile: 65-68628300 |
| Chartco Limited<br>Unit 4, Voltage Mollison Avenue Enfield<br>Middlesex En3 7xq<br>United Kingdom<br>Email: creditcontrol@chartco.com<br>Facsimile: +44 (0) 199 280 5410 | Blue Water Shipping Co.<br>4739 Utica Street, Suite 103<br>Metaire, Louisiana 70006<br>Email: missriver@bluewatershipping.com<br>Facsimile: 504 455 86 50 |
| Wrist Europe<br>Stigsborgvej 60,<br>P.O. Box 215<br>Dk-9400 Noerresundby<br>Denmark<br>Email: wrist@wrist.dk<br>Facsimile: +45 98 16 58 33 | Banchero Costa Progetti<br>16121 Genova,<br>Via Pammatone 2<br>Italy<br>Email: handy@bancosta.com<br>Facsimile: 010 5631215-0105631388 |

| | |
|---|---|
| Sobelmar SPB Kantoor<br>Ul. Tallinskaya Dom 7, Lit 1<br>195196 St-Petersburg<br>Russia<br>Email: sobelmarnb@gmail.com<br>Facsimile: +7 812 318 19 57 | Wilhelmsen Ships Service<br>Strandvn. 20<br>PO Box 33<br>1324-Lysaker<br>Norway<br>Email: wss.info@wilhelmsen.com<br>Facsimile: +47 67 58 47 30 |
| Gretsky Aleksandr<br>Email: irina@inok.onego.ru | Kozinets Sergey<br>Email: sobelmarnb@gmail.com<br>Facsimile: +7 812 318 19 57 |
| BV Marine Belgium & Luxembourg N.V.<br>Mechelsesteenweg 128-136,<br>B-2018 Antwerpen<br>Belgium<br>Email: smsbelgium@be.bureauveritas.com<br>Facsimile: +32 32 47 94 99 | TTS NMF Gmbh<br>Neuenfelder Faehrdeich 120,<br>D-21129 Hamburg<br>Germany<br>Email: info@nmf-crane.de<br>Facsimile: +49 40 55 43 61 900 |
| Baltsupply Ltd<br>32/1 Liter A,<br>Marshala Zhukova Str., Off.<br>1-H, St-Petersburg 198303<br>Russia<br>Email: baltsupply@gmail.com<br>Facsimile: +7 812 438-23-30 | Lankhorst Touwfabrieken Bv<br>Po Box 1039<br>3300 Ba Dordrecht<br>The Netherlands<br>Email: invoice@lankhorstropes.com<br>Facsimile: +31 (0)78 6117 750 |
| Nepa Shipping Pte Ltd<br>190, Middle Road #04-20 Fortune Centre,<br>Singapore 188979<br>Singapore<br>Email: nepasin@lycos.com<br>        ops.nepasin@gmail.com<br>Facsimile: +65  62 23 90 28 | Saga Shipping A/S<br>Saga Shipping As, Oliekajen 7<br>PO Box 48<br>Dk-9900, Skagen<br>Denmark<br>Email: saga@saga-shipping.dk<br>Facsimile: +45 9845 0029 |
| Holugt Sauer<br>Sir Rowland Hillstraat 2<br>P.O. Box 6129<br>4004 Jt Tiel<br>The Netherlands<br>Email: info@holugt-sauer.com<br>Facsimile: Fax: +0031 0344-630640 | Nordic Flow Control PTE Ltd.<br>5 Kwong Min Road<br>Singapore 628708<br>Singapore<br>Email: swchu@nordicflowcontrol.com<br>Facsimile: +65 6848-4411 |
| Wingol Chartering<br>Mr. Igor Sechko<br>gorsin@gmail.com | |