UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
                                    )
**In re**                           )    **Chapter 11**
                                    )
**SOBELMAR ANTWERP N.V., et al.**[1] )    **Jointly Administered Under**
                                    )    **Case No. 15-20423 (AMN)**
                  **Debtors.**      )
---------------------------------------------------------------X

HSH NORDBANK AG'S OPPOSITION TO DEBTORS' EMERGENCY MOTION AND
REPLY TO DEBTORS' OBJECTION

Secured creditor HSH Nordbank AG ("HSH"), by and through its counsel, hereby submits this Opposition and Reply to Debtors' Emergency Motion and Objection, filed March 4, 2016 (ECF No. 242):

**I.    INTRODUCTION**

1. Sobelmar Antwerp N.V. and its debtor affiliates in this case (collectively the "Debtors") filed a Chapter 11 petition on March 17, 2015 (the "Petition Date").

2. By Motion dated March 3, 2016, HSH filed its Motion for Adequate Protection and to Lift the Stay (ECF No. 238) (the "Motion for Adequate Protection").

3. On March 4, 2016, just hours prior to the scheduled status conference before this Court, and without advance notice to HSH, Debtors filed emergency motions for authority to commence Belgian bankruptcy proceedings and to schedule the hearing for such motion at the same time as HSH's Motion for Adequate Protection is heard, and an objection to HSH's Motion for Adequate Protection.

4. After the scheduled status conference on March 4, 2016, the Court issued an Order Authorizing Debtors to Reposition m/v Kovdor and M/V Vyritsa and Setting Forth Other

---

[1] Case No. 15-20423 – Sobelmar Antwerp N.V., Case No. 15-20424 – Sobelmar Shipping N.V, Case No. 15-20425 – SBM-1 Inc., Case No. 15-20426 – SBM-2, Inc., Case No. 15-20427 – SBM-3 Inc., Case No. 15-20428 – SBM-4 Inc.

80420289v2

Requirements (the "Order"). ECF No. 245. The Order authorized the Debtors to reposition the m/v Kovdor and m/v Vyritsa, as detailed therein. Also in the Order, the parties were requested to seek to reach agreement on the Memorandum of Understanding ("MOU") referred to in the proposed Settlement Agreement (ECF No. 233). If the parties reached an agreement prior to the hearing scheduled for March 9, 2016 at 9:30 a.m., Debtors were instructed to file notice, specifying whether either party intends to seek relief other than the approval and implementation of the finalized Settlement Agreement. Absent agreement, the Court will proceed to consider HSH's Motion for Adequate Protection (ECF No. 238).

5. The Order also directed Debtors to provide information reasonably requested in writing by HSH, and to permit inspectors on each of the vessels. The foregoing was without prejudice to HSH's right to seek inspection of the vessels after any stay relief is entered and to HSH's rights to seek recoupment of the payment of crew salaries.

6. Subsequent correspondence from Debtors' counsel to counsel for HSH on March 7, 2016 has indicated that Debtors continue to oppose certain aspects of HSH's Motion for Adequate Protection. Further, Debtors have stated they refuse to respond to the inspectors' request for information and work on a "consensual turnover if HSH obtains stay relief… So either we have a continuing consensual turnover or we have stay relief. We cannot have both." *See* Exhibit 1 hereto. After HSH responded that this endangerment of the collateral would be brought to the Court's attention, Debtors responded that the records were onboard the Vessels. Assuming that the records are onboard, the response itself shows Debtors' modus operandi. Namely, to obstruct HSH in realizing the full value of the Collateral unless Debtors are "taken care of."

7. Simply leaving certain vessel records on board – whatever those records may be – as Debtors propose to do, is an insufficient response to reasonable requests by the inspectors.

## II. RELIEF REQUESTED[2]

### A. Debtors Should Not be Permitted to Commence Belgian Bankruptcy Proceedings As Proposed

8. The Debtors request authority from the Court to commence Belgian bankruptcy proceedings, but such authority is not warranted as described.

9. In the first instance, the Debtors have already commenced insolvency proceedings - before this Court.

10. Debtors had ample time to determine the forum in which to seek relief. Despite being Belgian companies, the Debtors selected the U.S. Bankruptcy Court for the District of Connecticut and took pains to attempt to establish jurisdiction here. *See* ECF No. 124 at ¶¶ 27-41 (HSH's motion to dismiss or abstain) (noting "Debtors in this proceeding had no connection whatsoever to the United States prior to their planning for a bankruptcy filing…").

11. This proceeding has continued apace for nearly one year. Debtors and their creditors have been actively involved in this proceeding. Debtors themselves have filed numerous motions for judicial relief from this Court. Rather, it was only after HSH filed its Motion for Adequate Protection that Debtors abruptly changed course. Any quandary the Debtors find themselves in is of their own making, and such self-inflicted financial dilemmas do not warrant the commencement of a new foreign insolvency proceeding.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in HSH's Motion for Adequate Protection. ECF No. 238.

12. There is a significant risk that the commencement of a Belgian insolvency proceeding may result in immediate and irreparable harm to the value of Debtors' estate and HSH's Collateral.

13. For example, if Belgian law results in a freezing of Debtors' assets, the Vessels could be effectively abandoned in foreign ports that may be remote or unsuitable, incurring significant fees and possible liens that would have to be resolved before HSH could re-possess the Vessels. The records of the Vessels are extraordinarily important to their value, and if Debtors' books and records cannot be accessed because of the Belgian proceeding, the collateral value may be destroyed.

14. Similarly, the funds in Debtors' Belgian accounts which constitute HSH's cash collateral may be subject to competing liens and court orders if Debtors file in Belgium. The same holds true for the Charters; HSH has sought a Court order for the Debtors to assume and assign the Charters. *See* ECF No. 238 at ¶¶53-59.

15. In light of the foregoing, the Debtors should not be permitted to commence Belgian bankruptcy proceedings.

16. If the Court determines that Debtors should be permitted to commence insolvency proceedings in Belgium, such permission should be granted only *after* the cash collateral is fully transferred to either the Debtors' HSH accounts, or into the Court's jurisdiction via the DIP accounts.

17. As detailed in HSH's Motion for Adequate Protection, the Debtors have failed to comply with its contractual obligations to deposit earnings into their HSH accounts, instead depositing such earnings into Debtors' accounts at KBC Bank N.V. ("KBC"). *See* ECF No. 238 at ¶¶33-37.

18. As such, HSH has requested that the Court order all amounts on deposit in the KBC accounts, and any income of the Debtors constituting cash collateral, be deposited into HSH accounts. *See* ECF No. 238 at ¶37. At the very least and in the alternative, any income of Debtors constituting cash collateral should be transferred into the Debtors' DIP accounts in Connecticut.

19. The importance of transferring funds into either HSH's accounts or the Debtors' accounts in Connecticut was explained by the U.S. Trustee. In its Omnibus Objection to Certain of the Debtors' First-Day Motions (ECF No. 17), the U.S. Trustee asserted that the Cash Management Motion filed by the Debtors was unsupported by competent evidence to warrant waiver of the protections of Section 345(b) of the Bankruptcy Code. Section 345(b) requires that a debtor's funds be insured or guaranteed by the United States, and that such funds may be deposited in an entity that has posted a bond in favor of the United States. ECF No. 17 at 2-3 (observing "[w]ithout the protections of Section 345(b), estate funds are at risk in the event of a failure by the banks in which the Debtors maintain funds.").

20. Lastly, if Debtors do commence bankruptcy proceedings in Belgium, to the extent Belgian law recognizes and enforces foreign insolvency proceedings (similar to Chapter 15 of the U.S. Bankruptcy Code), Debtors must seek such recognition and enforcement so as to permit the present proceeding before this Court to continue in an orderly and equitable manner.

### B. HSH's Request for Adequate Protection is Warranted Under the Circumstances, Prior to Lifting the Automatic Stay

21. Debtors appear to misunderstand the relief requested by HSH in its Motion for Adequate Protection (ECF No. 238).

22. HSH first requests adequate protection, pursuant to Sections 361 and 363 of the Bankruptcy Code. HSH *thereafter* requests assumption and assignment of the Charters and a lifting of the automatic stay.

23. Until such time as the Vessels are turned over to HSH, such that HSH may take possession of the Vessels and exercise its rights as Mortgagee, the Debtors are obligated to provide HSH with adequate protection. *See* ECF No. 124 at ¶23 *et seq.* (citing 11 U.S.C. §§ 361, 363(c)(2)).

24. Therefore, HSH requested in its Motion for Adequate Protection that (1) Debtors' income and earnings should be deposited into HSH accounts, (2) Debtors provide detailed financial information and permit inspection of the Vessels, (3) the Court order the repositioning of the Vessels (which it has, pursuant to ECF No. 245), and (4) the Court order Debtors to assume and assign the Charters. In the interests of efficiency, HSH respectfully refers the Court to its Motion for Adequate Protection for the complete and accurate contents thereof (ECF No. 238).

25. Such relief is necessary until such time as Debtors turn over the Vessels to HSH (which action may be significantly, if not indefinitely, delayed by the commencement of Belgian bankruptcy proceedings).

26. As it stands, there is still a concerning lack of transparency into Debtors' finances. While the Debtors have taken steps to increase the financial information provided to HSH, significant items remain open or incomplete, such as expected future charter hire payments and deductions. Further, the Charters, which represent significant value to the Debtors' estate, remain in peril and a significant amount of Hire remains outstanding.

27. Further, the Debtors indicated today, March 7, 2016, that they will not respond to HSH's inspectors' requests absent a consensual resolution. The requested information is necessary to realize the value of the Vessels and HSH's Collateral. Debtors' apparent refusal to cooperate is extremely troubling and further emphasizes the importance of expedient Court intervention.

28. In its Motion for Adequate Protection, HSH thereafter requests that the Court lift the automatic stay, with respect to the Vessels and all appurtenances remaining on board, including bunkers and lube oil, to (i) allow HSH to exercise its rights as Mortgagee under the Mortgages to sell the Vessels in a public foreclosure or private sale, and (ii) require Debtors to cooperate in the sale of the Vessels and execute such documents as may be required to effect the sale and to enable the new owner(s) to delete the Vessels from the Marshall Islands registry and re-register the Vessels in such jurisdictions as the new owner(s) may choose.

## Conclusion

Based upon the foregoing, HSH Nordbank AG respectfully requests that this Court (1) deny Debtors' Emergency Motion for Authority to Commence Belgian Bankruptcy Proceedings, and (2) grant HSH's Motion for Adequate Protection and to Lift the Stay to the extent the Court has not granted the relief requested therein.

Respectfully submitted,

*/s/ Michael R. Enright*
Michael R. Enright
ct10286
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Fax: 860 275 8299
Phone: 860 275 8290
menright@rc.com

and

John G. Kissane
Watson Farley & Williams LLP
250 West 55th Street
31st Floor
New York, New York 10019
Fax: (212) 922 1512
Phone: (212) 922 2200
jkissane@wfw.com

ATTORNEYS FOR
HSH NORDBANK AG

## **CERTIFICATION**

      I hereby certify that the foregoing Motion was filed electronically with the ECF system on March 7, 2016, and therefore will be sent by email to those receiving email notices from the Court's electronic filing system.

            /s/ *Michael R. Enright*
            Michael R. Enright

80420289v2