# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

In re:

    Sobelmar Antwerp N.V., et al.[1]

    Debtors.

Chapter 11
Jointly Administered Under
Case No. 15-20423 (AMN)

## NOTICE OF SUPPLEMENT TO MEMORANDUM OF LAW

1.    Footnote 2 of the Debtors' memorandum of law filed yesterday (ECF 247) stated: "The Belgian statutes cited herein are not available in English. The Debtors are working to obtain English translations and will file them if located." The Debtors have been unable to locate "official" translations but have located two additional articles that provide unofficial translations and summaries.

2.    Attached as Exhibit A is Laga & Philippe, *Bankruptcy and a Fresh Start: Stigma on Failure and Legal Consequences of Bankruptcy: National Report Belgium* (Int'l Insol. Inst. 2002), *available at* http://www.iiiglobal.org/sites/default/files/2-_report_bel.pdf. Paragraph 1 of the Debtors' memorandum cited to the Belgian Criminal Code, Art. 489 *et seq*. Page 16 of Exhibit A provides translations of same.

3.    Exhibit A does not quote the specific statutory provisions requiring the commencement of bankruptcy proceedings but refers in footnote 14 on page 13 to the relevant law pursuant to which "traders are obliged to petition for Bankruptcy within one month of suspension of payments."

---

[1] Case No. 15-20423-Sobelmar Antwerp N.V., Case No, 15-20424-Sobelmar Shipping N.V., Case No. 15-20425-SBM-1 Inc., Case No. 15-20426-SBM-2 Inc., Case No. 15-20427-SBM-3 Inc., Case No. 15-20428-SBM-4 Inc.

4. Chapter 5.3 (pages 14-15) of <u>Exhibit A</u> describes certain of the consequences of bankruptcy proceedings, including that control of and actual title to the debtors' assets are vested in the receiver (liquidator), such that the Debtors will no longer have any ability to deal with the estates' assets including the vessels, the Pola charter receivables and the bank accounts.

5. Attached as <u>Exhibit B</u> is Frans DeRoy, *Some Social and Priority Aspects Under European Union Law: Belgian Law* (Int'l Insol. Inst. 2006), *available at* http://www.iiiglobal.org/sites/default/files/fransdeRoy.pdf. Page 10 describes priorities for employee claims in Belgian bankruptcy proceedings, including a reference in the maritime shipping context to Belgian Sea Law (*Zeewet*) art. 19, which provides that relevant employee claims "always have priority over the [vessel] mortgages."

6. Paragraph 1 of the Debtors' memorandum also referred to the Belgian Companies Code, Art. 530. <u>Exhibit B</u> summarizes article 530 on page 11.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **BRACEWELL LLP** |
| Hartford, CT<br>Dated: March 8, 2016 | */s/ Evan D. Flaschen*<br>Evan D. Flaschen ct10660<br>Katherine L. Lindsay ct27971<br>BRACEWELL LLP<br>Evan.Flaschen@bracewelllaw.com<br>Kate.Lindsay@ bracewelllaw.com<br>CityPlace I<br>185 Asylum Street, 34th Floor<br>Hartford, CT 06103<br>Telephone: (860) 947-9000<br>Facsimile: (800) 404-3970<br><br>*Counsel for the Debtors<br>and Debtors in Possession* |

2