UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
)
In re                                             )    Chapter 11
)
SOBELMAR ANTWERP N.V., et al.[1]                  )    Jointly Administered Under
)    Case No. 15-20423 (AMN)
Debtors.                         )
------------------------------------------------------------X

HSH NORDBANK AG'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ADEQUATE PROTECTION AND TO LIFT THE STAY

Secured creditor HSH Nordbank AG ("HSH"), by and through its counsel, hereby submits this Supplemental Memorandum of Law in Support of its Motion for Adequate Protection and to Lift the Stay, which was filed March 3, 2016 (ECF No. 238) (the "Motion for Adequate Protection."):

I. **THE COURT HAS AUTHORITY TO ORDER ADEQUATE PROTECTION AND RELIEF FROM THE AUTOMATIC STAY**[2]

1. HSH has requested an order from the Court for adequate protection and relief from the automatic stay, pursuant to Sections 361, 362 and 363 of the U.S. Bankruptcy Code.

2. Section 362 pertains to the automatic stay of proceedings upon the filing of a petition and provides in subsection (d) that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided… such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including lack of adequate protection…" 11 U.S.C. §362(d).

---

[1] Case No. 15-20423 – Sobelmar Antwerp N.V., Case No. 15-20424 – Sobelmar Shipping N.V, Case No. 15-20425 – SBM-1 Inc., Case No. 15-20426 – SBM-2, Inc., Case No. 15-20427 – SBM-3 Inc., Case No. 15-20428 – SBM-4 Inc.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in HSH's Motion for Adequate Protection (ECF No. 238).

80420687v2

3. Notably, the bankruptcy court retains jurisdiction over property of the estate even after granting relief from stay. *In re Oakes*, 129 B.R. 477, 479 (Bankr. N.D. Ohio 1991); *see also In re Solid Rock Dev. Corp., Inc.*, 481 B.R. 221, 227 (Bankr. N.D. Ga. 2012) (holding that modification of automatic stay did not deprive court of jurisdiction to construe its order and adjudicate amount of excess proceeds following foreclosure sale).

4. In *Oakes*, the bankruptcy court had previously entered orders for adequate protection in the form of payment of net rents. Thereafter, the debtor and the party who had been awarded such relief agreed to terminate the automatic stay. The debtor sought clarification from the bankruptcy court as to the effect of relief from the stay on the existing order for adequate protection, and asserted that concepts of relief from stay and adequate protection were "mutually exclusive." *Id.* at 478-79.

5. The court disagreed with the debtor: "While relief from stay permits a creditor to exercise its rights and remedies under applicable nonbankruptcy law, it does not mandate that such rights and remedies be exercised immediately." *Id.* at 479.

6. The *Oakes* court ordered the debtor to continue the payment of net rents to the secured creditor, concluding "this court continues to exercise jurisdiction over the rents as property of the estate until such time as some action is taken which would compel this court to relinquish jurisdiction to a state court." *Id.* at 479.

7. The bankruptcy court of the Northern District of Georgia reached a similar conclusion. In *In re Ridgemont,* 105 B.R. 738 (Bankr. N.D. Ga. 1989), the debtor's primary asset was an apartment complex, and its primary source of income was the rents and revenues derived therefrom. When the court denied the debtor's first amended plan of reorganization, it lifted the

automatic stay with respect to Atlanta English Village, Ltd. ("AEV"), which had claimed a security interest in the property. *Id.* at 739.

8. Specifically, the "stay was terminated because the Chapter 11 debtor could not provide adequate protection to AEV or formulate a confirmable Chapter 11 plan of reorganization." *Id.* at 742.

9. As permitted under its documents and state law, after the stay was lifted AEV elected to obtain the appointment of a state receiver to take possession of the collateral pending foreclosure. As such, a state receiver was appointed, took possession of the property, and collected rent. AEV foreclosed on the property under its power of sale. *Id.* at 739-40. Ultimately, the state receiver had a balance on hand. The debtor sought an order from the court directing the receiver to pay certain operating expenses. *Id.* at 740-41.

10. In determining whether to grant the debtor's motion, the court considered the effect of relief from the automatic stay on the court's jurisdiction. It observed that "[w]hen this court terminates the stay, it simply removes the bankruptcy restraints prohibiting a claimant's exercise of contractual and nonbankruptcy rights or remedies with regard to the matter for which stay relief is granted." *Id.* at 741; *see also In re Scott*, 2002 WL 1284281, at *2 (Bankr. M.D. N.C. June 3, 2002) ("When a bankruptcy court lifts the automatic stay, it merely removes the injunction prohibiting collection actions against the debtor or the debtor's property. Although this may result in property of the estate passing from the control of the estate, it does not mean that estate's interest in the property is extinguished.").

11. By lifting the stay in *Ridgemont*, "[t]he bankruptcy court thus permitted the creditor to invoke the state court jurisdiction for this purpose." Because the state court exercised its

jurisdiction over the property, the bankruptcy court declined to disturb the state court custody "absent unusual and compelling circumstances." *Id.* at 741.

12. The court in *Ridgemont* ultimately concluded that "[n]otwithstanding relief from the stay, the bankruptcy court's jurisdiction of the property continues, but is subject to being changed." *Id.* at 741; *see also In re Carlomagno Shipping, S.A.*, 185 B.R. 25, 27 (E.D. La. 1995) ("While almost all courts recognize that lifting the automatic stay does not, in and of itself, divest the bankruptcy court of jurisdiction, they also acknowledge that subsequent events can compel the court to relinquish jurisdiction." (internal quotation omitted)). The district court in *Carlomagno* determined that the admiralty court's assertion of jurisdiction over the vessel vested the district court with exclusive jurisdiction. *Id.* (disagreeing with bankruptcy court's continued assertion of jurisdiction, but affirming bankruptcy court's denial of debtor vessel owner's motion for first priority lien against vessel sale process for payment of debtor's attorney fees).

13. The same conclusions were reached in *In re Fricker*, 113 B.R. 856 (Bankr. E.D. Pa. 1990) (observing that "a creditor's obtaining relief from the automatic stay… does not remove it from the category of property of the estate") and *In re Desmarais*, 33 B.R. 27 (Bankr. D. Me. 1983) (noting the "although the stay is lifted, the bankruptcy court retains jurisdiction over the property and may determine other issues not ruled upon by the state court" in deciding issues affecting the property of the debtor).

14. In light of the foregoing, it is clear that award of adequate protection and relief from stay are not mutually exclusive concepts, and indeed the act of granting relief from an automatic stay does not divest this Court of continued jurisdiction over the assets of the Debtors' estate.

**I.   THE COURT HAS AUTHORITY AND DISCRETION TO AWARD THE ADEQUATE PROTECTION REQUESTED BY HSH**

15.   In its Motion for Adequate Protection, pursuant to Section 361 of the Bankruptcy Code, HSH requested a variety of relief, all of which HSH asserts is necessary to adequately protect its interest in the Collateral.

16.   Section 361 details that adequate protection is required pursuant to sections 362, 363 and 364 of the Bankruptcy Code, and that such protection may be provided by "granting such other relief… as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."  11 U.S.C. §361(3).

17.   "The purpose of providing 'adequate protection' is to insure that a secured creditor receives in value essentially what he bargained for."  *In re Sharon Steel Corp.*, 159 B.R. 165, 169 (Bankr. W.D. Pa. 1993).

18.   The Bankruptcy Code does not provide an exhaustive list of what may constitute adequate protection.  "The means of adequate protection provided by §361 are not exclusive… Exactly what constitutes adequate protection must be decided on a case by case basis."  *Id.* at 169; *see also In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994).

19.   Specifically, "[w]hether protection is adequate depends directly on how effectively it compensates the secured creditor for loss of value."  *In re Pacific Lifestyle Homes Inc.*, 2009 WL 688908, at *9 (Bankr. W.D. Wash. Mar. 16, 2009) (internal quotation omitted) (denying debtor's request to use cash collateral where debtor failed to show lenders' interests were adequately protected).

20.   Further, Section 361(3) is "regarded as a catch all, allowing courts discretion in fashioning the protection provided to a secured party."  *In re Swedeland*, 16 F.3d at 564 (concluding

mortgagee not provided with adequate protection, debtor-in-possession failed to show prospective effective reorganization, thus mortgagee entitled to relief from automatic stay).

21. "Congress intended that §361(3), with its language of indubitable equivalence, be a flexible provision which would allow the courts to consider new ways of protecting secured creditors and to consider alternatives appropriate to the unique facts of those cases…." *In re Colrud*, 45 B.R. 169, 176 (Bankr. D. Alaska 1984) (concluding mortgage holder was entitled to modification of automatic stay).

22. Courts have ordered a wide variety of relief in order to adequately protect a creditor.

23. For example, in *Sharon Steel*, the debtor-in-possession sought authority from the court to use cash collateral to procure loans necessary for its proposed reorganization. The court denied the request, concluding the value of the collateral used to procure the loans was uncertain and stating the DIP's proposed business plan was "unduly optimistic." 169 B.R. at 173. The court went on to observe that allowing the debtor to recommence operations as proposed would give false hope. *Id.*

24. Instead, the court ordered the debtor to cooperate with the secured lenders and limit the expenditures to those the secured lenders deemed necessary to protect the debtor's assets. *Id.* at 173.

25. Another court determined that hazard insurance was an element of adequate protection of the collateral. *See In re Crystian*, 197 B.R. 803, 806 (Bankr. W.D. Pa. 1996).

26. Section 361(3) was clearly intended to provide the bankruptcy courts with broad discretion in determining how to effectively protect a creditor's interest in assets of the estate. As such, HSH respectfully refers to its requests for adequate protection in the form detailed in its Motion for Adequate Protection (ECF No. 238).

## CONCLUSION

Based upon the foregoing and its previously filed motion (ECF No. 238), HSH Nordbank AG respectfully requests the relief detailed in its Motion for Adequate Protection and to Lift the Stay.

Respectfully submitted,

*/s/ Michael R. Enright*
Michael R. Enright
ct10286
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Fax: 860 275 8299
Phone: 860 275 8290
menright@rc.com

and

John G. Kissane
Watson Farley & Williams LLP
250 West 55th Street
31st Floor
New York, New York 10019
Fax: (212) 922 1512
Phone: (212) 922 2200
jkissane@wfw.com

ATTORNEYS FOR
HSH NORDBANK AG

## **CERTIFICATION**

       I hereby certify that the foregoing Motion was filed electronically with the ECF system on March 10, 2016, and therefore will be sent by email to those receiving email notices from the Court's electronic filing system.

       /s/ *Michael R. Enright*
       Michael R. Enright