**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------------X
)
In re                                    )   Chapter 11
                                         )
SOBELMAR ANTWERP N.V., et al.[1]         )   Jointly Administered Under
                                         )   Case No. 15-20423 (AMN)
         Debtors.                        )   Re: ECF 238
------------------------------------------------------------X

ORDER ON HSH NORDBANK AG'S AMENDED
MOTION FOR ADEQUATE PROTECTION AND TO LIFT THE STAY

Having considered all pleadings filed by HSH Nordbank AG ("HSH") and the Debtors with respect to HSH's Amended Motion for Adequate Protection and to Lift the Stay (the "Motion", ECF No. 238), the agreements and representations made on the record at the telephonic hearings on March 3, March 10, 2016, and March 11, 2016, the hearing before the Court on March 9, 2016, the telephonic status conference on March 4, 2016, and the Order Authorizing Debtors to Reposition m/v Kovdor and m/v Vyritsa and Setting Forth Other Requirements, entered March 4, 2016 (ECF No. 245), the Court finds that:

A.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b);

B.   This is a core proceeding pursuant to 28 U.S.C. § 157(b); and

C.   Proper and adequate notice has been given and no other or further notice is necessary under the circumstances.

Accordingly, it is hereby ORDERED that:

1. To the extent set forth herein, HSH is granted the following adequate protection and relief from the automatic stay which is hereby lifted to allow HSH to assert its rights as

---

[1] Case No. 15-20423 – Sobelmar Antwerp N.V., Case No. 15-20424 – Sobelmar Shipping N.V, Case No. 15-20425 – SBM-1 Inc., Case No. 15-20426 – SBM-2, Inc., Case No. 15-20427 – SBM-3 Inc., Case No. 15-20428 – SBM-4 Inc. (collectively, the "Debtors").

mortgagee of each of the Vessels and HSH is hereby permitted to take physical control over the Vessels.

2. The Debtors are authorized and directed to reposition the m/v BRASSCHAAT and the m/v ZARECHENSK including to such berth or anchorage in Gdynia, Poland as directed by HSH, upon HSH's instruction and control and at HSH's expense;

3. The Debtors are directed to permit one or more nominees, inspectors, and/or observers onboard the m/vs BRASSCHAAT, ZARECHENSK, KOVDOR and VYRITSA (collectively the "Vessels") to inspect and remain on each of the Vessels, and to inspect and copy the books and records of the Vessels, and to perform such other tasks as are necessary to safeguard the crew, Vessels and other property that is subject to HSH's mortgages, upon advance presentation of the customary credentials such as a passport copy and letter of indemnity and all at HSH's expense.

4. HSH is authorized to take, and Debtors are required to cooperate with, such actions as would be reasonably foreseeable and necessary if the Court were to expand the scope of the relief from stay granted to HSH. Such actions include without limitation: actions to determine the documents, clearances and other requirements that would be necessary to effect an efficient and orderly turn-over and/or sale and transfer of the commercial and technical management of the Vessels from the Debtors to HSH's nominee(s); and, actions to cooperate with discussions or inquiries related to same with the appropriate vessel registries or other third parties. If this requires the Debtors to incur any expenses, HSH shall pay or reimburse such expenses. No transfer of titles to the Vessels is effectuated by this Order.

5. Upon repositioning of each of the Vessels and upon being provided with the necessary information by the Debtors, HSH shall pay outstanding crew wages due the

crewmembers of the Vessels. HSH shall replace the existing crew, managers, officers and other personnel with crew, managers, officers and other personnel selected by HSH at HSH's expense and liability. At no time after the turn-over of technical management to HSH shall HSH permit any Vessel to be unmanned. The payment of all crew wages due and owing through February 29, 2016 for the m/v ZARECHENSK shall occur no later than the close of business in Gdynia, Poland on Friday, March 18, 2016. The Debtors are authorized to provide a copy of this Order to the ITF. The crew wages and repatriation costs for each other Vessel shall also be paid in full as promptly as practicable. Debtors shall provide crew lists showing all outstanding amounts due the crew including wages and any social benefits by no later than 11:00 a.m. Tuesday, March 14, 2016, New York Time; provided, however, that should the Debtors require additional time to provide such information to HSH, and should HSH consent to such enlargement of time, no further hearing to consider extending this time period shall be required.

6. Debtors shall assist HSH with respect to assuring all insurances are current and in force and asserting any claim against insurance procured by Debtors. This Order does not address or determine liability for events that may occur during the time that HSH is in control of the Vessels for which there may be no insurance coverage or for which insurance coverage may prove inadequate. Should it become necessary for this Court to address such uninsured liability, if any, the Court will do so upon appropriate motion.

7. The Debtors have informed the Court that, as is customary, Pola purchased all bunkers and lubes on the Vessels. Upon redelivery of the Vessels and also as is customary, the Debtors are required to purchase the remaining bunkers and lubes onboard from Pola, which the Debtors are seeking to do as a deduction from the remaining charter payments due from Pola, if made. HSH asserts that, when the Debtors become the owners of the bunkers and lubes, HSH's

security interests will extend to such bunkers and lubes. The Debtors assert that HSH's security interest will not extend to such bunkers and lubes. This Order is without prejudice to HSH's or the Debtors' assertions, and no transfer involving any of the Vessels shall affect such assertions regardless of what happens with the bunkers and lubes before or after each transfer of management control to HSH's nominee(s).

8. The foregoing is without prejudice to the rights of HSH to seek recoupment of any such costs incurred in connection with the above (with the exception of the costs of repositioning the Vessels and putting the HSH crew, managers, officers and other personnel on the Vessels which this Order requires HSH to pay) out of the Debtors' funds, including bank accounts wherever located and any charter payments received or to be received from Pola. The take-over of management of the Vessels by HSH shall not affect in any manner the "Carve-Out" and lien subordination in the cash collateral order (ECF No. 97).

9. Nothing in this Order shall require any officers or employees to remain employed by the Debtors if, on an individual basis, they no longer desire such employment.

10. The Court is separately considering and has not adjudicated the Debtors' motion for authority to commence Belgian bankruptcy proceedings (ECF No. 242). Should one or more of the Debtors be involuntarily placed into Belgian bankruptcy proceedings, the Debtor or any other party in this case with actual knowledge of such event shall report the filing to this Court through a notice filed on the docket of this case within twenty-four (24) hours of any party's actual knowledge of such an event. If the Debtors assert that one or more of the Debtors may be required by the United States Bankruptcy Code (Title 11, United States Code), any other United States law, or by any order of this Court to take any actions that they would not be permitted to take under Belgian bankruptcy law, or to refrain from taking any action required by

United States law or by any order of this Court, they shall immediately seek a hearing before this Court to address this concern.

11. As requested in paragraph 71 of the Motion, for cause shown by the circumstances presented on the record of these proceedings to date, the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

12. This Court shall retain jurisdiction with respect to all matters arising from implementation of this Order and such other relief as may be required.

Dated at Hartford, Connecticut on March 11, 2016.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut